UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH MITAN, et al.
                                                                        PLAINTIFFS

v.                                                                                      CIVIL ACTION NO. 3:08-CV-117-S

EMORY DAVIS, et al.                                                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

       This matter is before the court on the several motions to dismiss of defendants Ronald Rash, Achim Neumann, Craig Cullinane, Linda Cullinane, and Thomas F. Cullinane (hereinafter collectively, the "Rash-Neumann-Cullinanes") (DN 9; DN 10; DN 15). The plaintiffs have responded (DN 16; DN 17; DN 23) and Rash and Neumann have replied (DN 20; DN 25). For the reasons that follow, the court will grant the motions to dismiss.

       This action arises from the alleged defamation of the plaintiffs, Kenneth Mitan, Frank Mitan, Teresa Mitan, and Keith Mitan ("Mitans") by the Rash-Neumann-Cullinanes. The Mitans allege that on October 12, 1999, Emory Davis and Carol Davis ("Davises"), who also are named as defendants in this action, created a website called "Mitan Alert." The Mitans allege that the website contained statements which were false and defamatory of them. The Mitans allege that the Davises sent printed pages of the Mitan Alert website to the Rash-Neumann-Cullinanes, and that on

1

December 13 and 14, 2007, the Rash-Neumann-Cullinanes sent and/or spoke the information contained in those pages to third persons. The Mitans specifically allege libel per se and slander per se on the part of the Rash-Neumann-Cullinanes. The court has diversity jurisdiction over the action. *28 U.S.C. § 1332(a)(1)*. However, the court lacks personal jurisdiction over the Rash-Neumann-Cullinanes and the allegations against them must, therefore, be dismissed. *Fed. R. Civ. P. 12(b)(2)*.

The Mitans fail to establish a prima facie case for personal jurisdiction as to the Rash-Neumann-Cullinanes. The Rash-Neumann-Cullinanes are not Kentucky citizens and do not reside in Kentucky. Under Kentucky's long arm statute,[1] the court's personal jurisdiction reaches to the constitutional limits of due process. *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624 (6th Cir. 1998) (quoting *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996). "The Due Process Clause requires that before a court can exercise personal jurisdiction over a nonresident defendant, the defendant must have had such minimum contacts with the forum state that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

The Mitans allege that the Rash-Neumann-Cullinanes received printed pages of the Mitan Alert website sent from the Davises in Kentucky, and that the Rash-Neumann-Cullinanes thereafter published the information to third persons (not in Kentucky), which affected the Mitans' business relations in Kentucky. The Mitans do not allege any other contact between the Rash-Neumann-Cullinanes and Kentucky. The Rash-Neumann-Cullinanes deny having any other contact with Kentucky. Assuming the Mitans' allegations to be true, a single instance of receiving information from Kentucky does not create sufficient minimum contacts between the Rash-Neumann-Cullinanes

---

[1] KRS 454.210

and Kentucky to create personal jurisdiction.

From the progeny of *Int'l Shoe*, three criteria have emerged for determining personal jurisdiction based on a single act. "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968).

"The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) (internal quotation marks and citations omitted). "Courts require purposeful availment to insure that random, fortuitous, or attenuated contacts do not cause a defendant to be haled into a jurisdiction." *Id*.

Here, the Rash-Neumann-Cullinanes did not act *in* Kentucky by virtue of receiving information *from* Kentucky on a single occasion. Further, it is not apparent that the Rash-Neumann-Cullinanes caused any consequence in Kentucky. The Mitans allege that the Rash-Neumann-Cullinanes affected their business in Kentucky, but they do not allege where, when, or how the Rash-Neumann-Cullinanes did so.

As the Rash-Neumann-Cullinanes have not acted in Kentucky, the Mitans' cause of action does not arise from activity of the Rash-Neumann-Cullinanes in Kentucky. *Compuserve* at 1267.

It follows, then, that based on a single instance of receiving information from Kentucky, the Rash-Neumann-Cullinanes do not have a substantial enough connection with Kentucky to make the exercise of jurisdiction over the Rash-Neumann-Cullinanes reasonable. *Id*. at 1268.

The Mitans cite *Am. Land Program, Inc. v. Bonaventura Uitgevers Maatschappij N.V., et al.*, 710 F.2d 1449 (10th Cir. 1983) in support of their argument that the Rash-Neumann-Cullinanes are subject to personal jurisdiction in Kentucky. However, *Am. Land Program* belies the Mitans' case. In *Am. Land Program*, the court found that Utah had personal jurisdiction in a defamation action over a Dutch journalist who traveled to Utah and allegedly slandered the plaintiff in the course of interviewing the plaintiff's clients. The court held that, "On balance... fairness to the parties and the interest of Utah favor extending personal jurisdiction over [the defendant] under the Utah long arm statute." *Am. Land Program* at 1453. Despite the foreign journalist's limited contacts with Utah, Utah's exercise of jurisdiction was reasonable because the journalist purposefully availed himself of Utah privileges by traveling to Utah and conducting business there, and because the plaintiff's cause of action arose from the journalist's activities in Utah.

Here, the Rash-Neumann-Cullinanes did not avail themselves of Kentucky privileges and the Mitans' cause of action does not arise out of activity by the Rash-Neumann-Cullinanes in Kentucky. Exercise by this court of jurisdiction over the Rash-Neumann-Cullinanes would be unreasonable.[2]

Upon the motions to dismiss of the Rash-Neumann-Cullinanes, and for the reasons set forth above and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND**

---

[2] In light of the court's grant of dismissal based on lack of personal jurisdiction, the court will not consider dismissal on the separate bases of improper venue, as asserted by Rash and the Cullinanes, and/or 47 U.S.C. § 230, as asserted by the Cullinanes.

**ADJUDGED** that the Rash-Neumann-Cullinanes' motions to dismiss are **GRANTED** and defendants Ronald Rash, Achim Neumann, Craig Cullinane, Linda Cullinane, and Thomas F. Cullinane are **DISMISSED** from this action.