UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH MITAN, et al.                                                                        PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:08CV-117-S

EMORY DAVIS, et al.                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the court following a show cause hearing whether to dismiss this action for failure to prosecute or to comply with court orders. The court referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will recommend that the court dismiss this action.

## I. FINDINGS OF FACT

1)      On February 20, 2008, the plaintiffs, Kenneth Mitan, Frank Mitan, Teresa Mitan, and Keith Mitan, filed a diversity complaint against nine defendants, eight individuals and a corporation, for allegedly publishing a libelous website titled "Mitan Alert." The court dismissed most of the defendants for lack of personal jurisdiction, by order entered December 12, 2008. The remaining defendants, Emory M. Davis, Carol C. Davis, and Vitramax Group, Inc., answered the complaint and asserted a counterclaim for malicious prosecution and abuse of process, on June 11, 2008.

2)      On June 17, 2008, plaintiffs' counsel, Bruce D. Atherton, filed an answer to the counterclaim and a motion to withdraw. Attorney Atherton alleged the plaintiffs had refused to remit payment for representation in the matter.

3)      The defendants filed a timely response and stated a lengthy objection.

Specifically, the defendants explained that Attorney Atherton had become embroiled in his clients' illegal schemes and had been indicted in New Jersey on June 4, 2008, along with Kenneth Mitan, for criminal acts described in the indictment as financial facilitation of criminal activity, theft by deception, and conspiracy. The defendants further stated that Kenneth Mitan was incarcerated in Missouri and held on a $500,000 bond related to yet another business-buying scheme. The defendants conceded Attorney Atherton's status as an indicted co-conspirator created a conflict of interest but warned the court that the Mitans are well versed in procedural law and are adept at manipulating legal process.

4) On July 3, 2008, Kenneth Mitan filed an objection to the motion to withdraw and disputed the failure to remit payment for representation.

5) By order entered March 11, 2009, the court granted Attorney Atherton's motion to withdraw. The court further ordered service of the order to the party-plaintiffs (at their last known address provided by Attorney Atherton) and provided them until April 24, 2009 to hire new counsel or to state an intention to proceed *pro se*. Finally, the order directed the plaintiffs to verify their answer to the counterclaim ten days thereafter.

6) The docket sheet reflects that notice to the party-plaintiffs of Attorney Atherton's withdrawal was sent on or about March 16, 2009, by certified mail. (DN 36.) Return of service was executed as to Ken Mitan. (DN 38.) The other three were returned as undeliverable. (DNs 37, 40, 41.) Despite the undeliverable return of service to him, Keith Mitan filed a motion for reconsideration on March 25, 2009, and his own affidavit to state that Attorney Atherton had received a sum of money sufficient to cover reasonable attorney's fees. The court denied the motion for reconsideration, by order entered September 11, 2009. The court also referred the

matter to the magistrate judge.

7) By orders entered January 22 and 28, 2010, the magistrate judge scheduled the matter for a show cause hearing on February 25, 2010, at 10:00 a.m. The court ordered the plaintiffs or their counsel to appear in person to show cause why this matter should not be dismissed for failure to prosecute. (DNs 43, 44.)

8) Teresa Mitan moved to dismiss her claim, on February 8, 2010. (DN 45.)

9) Kenneth Mitan's service of the show cause order was returned as undeliverable. (DN 46.)

10) Keith Mitan filed three pleadings, two weeks in advance of the show cause hearing. On February 11, 2010, Keith Mitan filed a Response to Order to Show Cause, an unintelligible motion pertaining to Attorney Atherton's motion to withdraw. Also on February 11, 2010, Keith Mitan filed a Motion to dismiss counterclaim, purportedly in lieu of verifying the answer to the counterclaim. Third, on February 16, 2010, Keith Mitan filed a motion for reassignment to United States District Judge Jennifer B. Coffman, the presiding judge in other Mitan-party litigation.

11) On February 25, 2010, the magistrate judge conducted a show cause hearing. However, the plaintiffs did not appear. Keith Mitan notified the court by telephone that he and Frank Mitan would not be able to attend. The defendants appeared by counsel, who offered to withdraw the counterclaim if the court were to dismiss the complaint for failure to prosecute. By order entered March 10, 2010, the magistrate submitted the matter for a report and recommendation.

12) On March 25, 2010, Keith Mitan filed a motion for reconsideration to the March

10th order. (DN 51.) As indicated in his phone call, Keith Mitan stated that he and Frank Mitan did not appear because Frank Mitan fell in the parking lot and hit his head when they were preparing to leave for the hearing. Keith Mitan made the call from a Detroit-area hospital. At the court's request, he sent a physician's verification that Frank Mitan was an emergency center patient on February 25, 2010.

13) The defendants have filed a response in which they provide information concerning the Mitans' criminal indictments in New Jersey and Pennsylvania for alleged "break-out scams" of small businesses, basically, selling assets and pocketing the cash before finalizing the purchase. The defendants further state the plaintiffs have not requested any discovery, noticed any depositions or taken other steps to move the case forward. (DN 52.)

14) On May 5, 2010, Keith Mitan filed a reply and attached a bill for ambulance service. The Blue Cross Blue Shield explanation of benefit payments states, "Service Date (From/To): 02/25/10." In the magistrate judge's view, this record substantiates the court's initial impression that the emergency room visit, even if for an objective medical complaint, served as pretext for the failure to travel to Louisville for the hearing. Moreover, in the reply, Keith Mitan requests another hearing but does not address what steps he has taken toward prosecuting the claims in the complaint.

## II. CONCLUSIONS OF LAW

15) A district court may dismiss an action for failure of the plaintiff to prosecute the claim or to comply with the civil rules or any order of the court. FED. R. CIV. P. 41(b); *Schafer v City of Defiance Police Dep't*, 529 F.3d 731 (6th Cir. 2008). This rule recognizes the court's inherent power to manage its docket in a manner that respects the orderly and expeditious

disposition of cases. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962). In *Link*, the Court held that where the drawn-out history of the litigation showed the plaintiff had been proceeding in a dilatory fashion and then failed to appear at a scheduled pretrial conference, the district court acted with sound discretion when it, on its own motion and without notice or adversarial hearing, dismissed the action as a sanction for failure to prosecute. *Id.,* at 632-33. The Court of Appeals for the Sixth Circuit has curtailed the sanction when it merely addresses an errant attorney rather than the fault of a party. *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999). No such policy applies here, in this *pro se* litigation, and consideration of lesser sanctions is not warranted where there is no record of discovery or contention that the plaintiffs have been prosecuting their claims. *See, id.*

16)     The magistrate judge concludes that Keith Mitan's claim should be dismissed for failure to prosecute and for failure to comply with court orders. Keith Mitan failed to appear at the show cause hearing. In a telephone call and in motion papers filed with the court, Keith Mitan represented that he was on his way, from Detroit, to this hearing, scheduled 10:00 A.M., in Louisville, but was diverted to a Detroit-area emergency room on the morning of the hearing. The magistrate judge finds that Keith Mitan's excuse is insufficient to excuse the failure to appear. The circumstances on the morning of the hearing suggest that Keith Mitan had no intention of appearing in Louisville. Even if Keith Mitan had appeared, it is apparent his claim would not have survived. As the defendants contend, the plaintiffs have done nothing to advance or to prosecute their claims since the filing the complaint in February, 2008. Rather than dispute this contention, Keith Mitan's reply states the defendants have failed to respond to the motion to dismiss the counterclaim. Under Rule 12(b), however, the motion dismiss has no

merit because an answer precedes it.

17) With respect to the party-plaintiffs, the magistrate judge will recommend that the court dismiss their claims on additional grounds. Frank Mitan is proceeding *pro se* and cannot be represented by Keith Mitan, another party. Accordingly, Frank Mitan has failed to appear in this case or to respond to the show cause order. Likewise, Kenneth Mitan has failed to provide a change of address, which is a basis for dismissal under Local Rule 5.2(d) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky. Finally, Teresa Mitan has moved to dismiss her claims voluntarily.

18) The magistrate judge concludes the absence of any discovery or other substantive progress in this case warrants dismissal of all claims in the complaint under Rule 41(b) for failure to prosecute and for failure to comply with the orders of this court.

### III. RECOMMENDATION

The magistrate judge recommends that the court dismiss the claims of Frank Mitan, Kenneth Mitan, and Keith Mitan for failure to prosecute, under Rule 41(b). In addition, the magistrate judge recommends that the court voluntarily dismiss Teresa Mitan's claims, with prejudice, and that the court dismiss the counterclaim voluntarily.

DATE: August 2, 2010

James D. Moyer
United States Magistrate Judge

Copies to counsel of record

**NOTICE**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.