

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

KENNETH MITAN,
FRANK MITAN,
TERESA MITAN, and                                    PLAINTIFF(S)
KEITH MITAN

                              CIVIL ACTION NO. 3:08-CV-117-S
VS.

EMORY DAVIS,
CAROL DAVIS,
VITRAMAX GROUP, INC.,
RONALD RASH,
ACHIM NEUMAN,
DWIGHT McNEIL,
CRAIG CULLINANE,
LINDA CULLINANE, and
THOMAS F. CULLINANE, JR.                             DEFENDANT(S)


**MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM ORDER
PURSUANT TO FED.R.CIV.P. 60, OR,
IN THE ALTERNATIVE, THAT JUDGMENT
BE SET OUT IN A SEPARATE DOCUMENT**

On September 13, 2010, the Court entered an Order (DN 57)

accepting and adopting the Magistrate Judge's Report and

Recommendation.  That Order provides:

> It is HEREBY ORDERED AND ADJUDGED that:
>     1. The August 2, 2010 Finds of Fact, Conclusions
> of Law, and Recommendation of the United States
> Magistrate Judge (DN 54) are ACCEPTED AND ADOPTED IN
> THEIR ENTIRETY.
>     2. The claims of Keith Mitan, Kenneth Mitan, and
> Frank Mitan in this matter are DISMISSED for failure
> to prosecute *pursuant to Federal Rule of Civil
> Procedure 41(b)*.

1.

3. The claims of Teresa Mitan are voluntarily
DISMISSED, with prejudice.
3. Defendants' counterclaim is voluntarily
DISMISSED, without prejudice.
There being no just reason for delay in its
entry, this is a final order.
IT IS SO ORDERED.
(Emphasis added.)

However, Fed.R.Civ.P. 41(b) states:

If the plaintiff fails to prosecute or to comply with
these rules or a court order, *a defendant may move to
dismiss the action or any claim against it.* Unless
the dismissal order states otherwise, a dismissal
under this subdivision (b) and any dismissal not under
this rule - except one for lack of jurisdiction,
improper venue, or fail to join a party under Rule 19
- operates as an adjudication on the merits.
(Emphasis added.)

*The Defendants never filed a motion to dismiss any of the
Plaintiffs' claims,* so dismissal pursuant to Fed.R.Civ.P. 41(b)
was improper.

Moreover, there was no basis for treating the Defendants'
counterclaim differently from the Plaintiffs' claims. *Nothing
further was done to prosecute the Defendants' counterclaim than
was done to prosecute the Plaintiffs' claims.* Yet, the Order
improperly dismisses the Plaintiffs' claims with prejudice while
dismissing the Defendants' counterclaim without prejudice.

Additionally, the applicable factors "have been applied more
stringently in cases where the plaintiff's attorney's conduct is
responsible for the dismissal." *Harmon v. CSX Transportation,*

2.

*Inc.*, 110 F.3d 364, 367 (6th Cir.1997).  However, *the Order does not consider Mr. Atherton's involvement.*  Mr. Atherton's personal litigation prevented him from giving his undivided attention to this case.   Two months before filing the instant case, Mr. Atherton was served with a Complaint which ultimately resulted in him being "permanently disbarred from the practice of law in the United States Bankruptcy Court for the Western District of Kentucky".  Yet, Mr. Atherton did not disclose it to the Movant or this Court.   Copies of the Certificate of Service and Order are annexed hereto and incorporated by reference herein as "Exhibit A" and "Exhibit B".   In an earlier Order (DN 42), this Court did indicate that it had "received information that the said Bruce D. Atherton has been suspended by the Kentucky Bar Association for disciplinary reasons".   Those disciplinary reasons were unrelated to that Bankruptcy Court proceeding, as set forth in the Opinion and Order of the Kentucky Supreme Court.   A copy of that Opinion and Order is annexed hereto and incorporated by reference herein as "Exhibit C".

The Order "is extremely harsh in that it deprives a plaintiff of his day in court".  *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir.1985).  The Movant was previously deprived of the opportunity to litigate this matter in Bankruptcy Court, *because the Defendants misrepresented their intentions to Judge*

3.

*Fulton.*   Copies of the Bankruptcy Court's Order closing Adversary Proceeding and Order denying the Movant's motion to intervene are annexed hereto and incorporated by reference herein as "Exhibit D" and "Exhibit E".

Relief from the Order is warranted pursuant to Fed.R.Civ.P. 60.

Alternatively, judgment should be set out in a separate document.

Fed.R.Civ.P. 58(a) provides:

> *Every judgment and amended judgment must be set out in a separate document*, but a separate document is not required for an order disposing of a motion:  (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60.  (Emphasis added.)

Pursuant to Fed.R.Civ.P. 58(d), "*[a] party may request that judgment be set out in a separate document* as required by Rule 58(a)."  (Emphasis added.)

WHEREFORE, Plaintiff Keith Mitan respectfully requests relief, pursuant to Fed.R.Civ.P. 60, from the Order entered on September 13, 2010 (DN 57) accepting and adopting the Magistrate Judge's Report and Recommendation, or, in the alternative, that judgment be set out in a separate document.

4.

Respectfully submitted,

Keith Mitan
P.O. Box 251597
West Bloomfield, MI 48325-1597